IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Aladdin Knowledge Systems, Ltd., | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 08-cv-02078 |
| | : | |
| Feitian Technologies Co., Ltd., | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant. | : | |
| _____ | : | |

## JOINT STATUS REPORT

In accordance with the Court's directive in its Minute Entry dated April 15, 2008, and pursuant to Fed.R.Civ.P. 26(f), the undersigned parties submit the following joint initial status report.

**I.   The Nature of the Case**

    **A.   Attorneys of Record for the Parties**

For Plaintiff Aladdin Knowledge Systems, Ltd. ("Aladdin"):

    Michael K. Coran, Esquire (Lead Trial Counsel)*
    Mary Ellen O'Laughlin, Esquire*
    Klehr, Harrison, Harvey, Branzburg & Ellers LLP
    260 S. Broad Street, 4th Floor
    Philadelphia, PA 19102-5003
    (215) 568-6060
    Mcoran@Klehr.com
    Molaughlin@Klehr.com

    *Pursuant to LR83.14, by Orders entered on May 6, 2008, the Court approved the applications of these attorneys for admission pro hac vice.

    and

    Roger Stein, Esquire**
    Schwartz Cooper Chartered
    180 North LaSalle Street, Suite 2700
    Chicago, IL  60601

PHIL1 783500-4

(312) 346-1300
rstein@schwartzcooper.com

**Pursuant to LR83.15, this attorney is designated as local counsel for Plaintiff.

For Defendant Feitian Technologies Co., Ltd. ("Feitian"):

Matthew G. Reeves, Esquire (Lead Trial Counsel)*
Locke Lord Bissell & Liddel LLP
600 Travis, Suite 3200
Houston, TX  77002
(713) 226-1200
mreeves@lockelord.com

*Pursuant to LR83.14, this attorney will petition for admission pro hac vice to this Court.

and

Keith D. Parr**
James T. Peterka**
Locke Lord Bissell & Liddel LLP
111 South Wacker Drive
Chicago, IL  60606
(312) 443-0700
kparr@lockelord.com
jpeterka@lockelord.com

**Pursuant to LR83.15, these attorneys are designated as local counsel for Defendant.

B.   **Basis for Federal Jurisdiction**

This action arises under the United States Patent Act, 35 U.S.C. §§ 101 et seq. Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a).

C.   **Nature of the Claims Asserted in the Complaint and Any Counterclaim**

In Count I of its Complaint, Aladdin asserts a claim against Feitian for willful infringement of Aladdin's United States Patent No. 6,748,541 entitled "User-Computer

Interaction Method For Use By A Population Of Flexibly Connectable Computer Systems," ("the '541 patent"). In Count II of its Complaint, Aladdin asserts a claim against Feitian for willful infringement of Aladdin's United States Patent No. 6,763,399 entitled "USB Key Apparatus For Interacting With A USB Host Via A USB Port," ("the '399 patent").

Aladdin intends to file an Amended Complaint to conform the pleading to address the fact that, due to determinations in the Delaware District Court regarding jurisdiction over certain defendants and due to settlements between Aladdin and certain other defendants, Defendant Feitian Technologies Co., Ltd. is the only remaining defendant in the action. No additional claims will be pleaded. Aladdin intends to file the Amended Complaint on or before May 15, 2008. Feitian has not filed a responsive pleading to date.

### D. Statement of the Major Legal and Factual Issues in the Case

The major factual and legal issues in the action as follows:

1. <u>Legal Issues</u>

    (a) Are the patents-in-suit valid and enforceable?

    (b) Have the patents-in-suit been infringed by Feitian?

    (c) If the patents-in-suit have been infringed, has the infringement been willful?

    (d) If the patents-in-suit have been infringed, should damages, together with interest on such damages, be awarded to Aladdin?

    (e) If the patents-in-suit have been infringed and the infringement was willful, is Aladdin entitled to an award of treble damages, and attorneys' fees?

2. <u>Factual Issues</u>

    (a) Evidence concerning infringement, including the development of the parties' respective infringement and non-infringement contentions;

3

      (b)      Patent claim construction;

      (c)      Evidence concerning validity of the patents-in-suit;

      (d)      The file histories of the patents-in-suit;

      (e)      Feitian's sales of its products in the United States and its territories, and possessions; and,

      (f)      The calculation of damages, if awarded.

### E. Relief Sought by Plaintiff

Aladdin seeks declaratory and injunctive relief, together with damages, attorneys' fees and costs.

## II. Pending Motions and Case Plan

### A. Identity of All Pending Motions

No motions are pending.

### B. Proposed Discovery Plan

In developing a discovery plan and a schedule for discovery and other proceedings in this action, it is necessary to take into consideration the fact that both parties are foreign entities. Aladdin is located in Israel and Feitian is located in China. Witnesses for the parties are located in foreign countries, including in Israel and China. Some witnesses may require the use of interpreters for their testimony. Relevant records and documents of the parties are located in Israel and China. Accordingly, the parties propose the following plan of discovery.

      1.      The parties shall serve their Fed.R.Civ.P. 26 initial disclosures on or before June 30, 2008.

      2.      At a date set by the Court, Plaintiff shall serve its proposed claim terms for construction and proposed constructions. Service of proposed constructions shall be without prejudice to its right to amend the terms to be construed or the constructions.

3. At a date set by the Court, Defendant shall serve its counter proposals for claim terms for construction and proposed constructions. Service of proposed claims shall be without prejudice to its right to amend the terms to be construed or the constructions. The parties shall, within fourteen (14) days of this exchange, meet and confer for the purpose of finalizing a list, narrowing or resolving differences, and facilitating the ultimate preparation of a Joint Claim Construction Statement. Subsequently, at a date decided by the Court, in accordance with the Court's Standing Order for Patent Claim Construction Proceedings, the parties shall submit a joint claim construction chart identifying all relevant claim terms. The joint chart shall set forth all agreed constructions and all claim terms that remain in dispute and require construction by the Court.

4. All discovery related to the claim construction shall be completed by March 31, 2009. If the due date for submission of the joint claim construction chart is scheduled for a date subsequent to March 31, 2009, then the discovery deadline will be extended to a date agreed upon by the parties or determined by the Court.

5. In accordance with the Court's Standing Order for Patent Claim Construction Proceedings, twenty-one days after the parties file their joint claim construction chart, Plaintiff shall file and serve its opening claim construction brief and supporting evidence. With the opening brief the parties shall file one joint appendix with the patents in dispute and the prosecution history for each patent. Plaintiff may also file a separate appendix with other supporting materials. The opening brief is limited to 25 pages.

6. Twenty-one days after Plaintiff files its opening brief, Defendant shall file and serve its responsive claim construction brief and supporting evidence. The responsive brief is limited to 25 pages.

7. Fourteen days after Defendant files its responsive brief, Plaintiff may file and serve its reply brief and supporting evidence rebutting Defendant's response. The reply brief is limited to 15 pages.

8. Seven days after Plaintiff files its reply brief, the parties shall file an amended, final joint claim construction chart identifying the remaining disputed claim terms and each party's proposed construction, and any agreed upon constructions.

9. A Claim Construction hearing will be held according to the Court's schedule after the filing of the parties amended, final joint claim construction chart.

10. Two weeks before the Claim Construction hearing, the parties shall file a Joint Pre-hearing Statement containing the information required in paragraph 7 of the Court's Standing Order for Patent Claim Construction Proceedings.

11. All fact discovery must be completed by June 30, 2009.

12. The parties shall disclose the name, address and vita of all expert witnesses opining on issues in which they bear the burden of proof thirty days after the Court issues its Claim Construction Order, and shall serve the report required by Fed.R.Civ.P. 26(a)(2)(B) sixty days after the Court issues its Claim Construction Order.

13. The name, address and vita of all rebuttal expert witnesses shall be disclosed seventy-five days after the Court issues Claim Construction Order, and the report required by Fed.R.Civ.P. 26(a)(2)(B) of any rebuttal expert witnesses shall be served ninety days after the Court issues its Claim Construction Order.

14. Expert discovery shall be completed 150 days after the Court issues its Claim Construction Order.

15. Dispositive motions shall be filed 210 days after the Court issues its Claim Construction Order.

16. Plaintiff and Defendant will serve each other with all discovery requests and responses, via electronic mail and first class U.S. mail.

### C. Trial Information

A jury trial has been requested. The parties anticipate that it will take five days to complete the trial. The timing of the trial is dependent upon the Court's scheduling of the Claim Construction hearing.

## III. Magistrate Judge Consent

The parties do not wish to proceed before a Magistrate Judge.

## IV. Status of Settlement Discussions

Settlement discussions have not occurred. The parties request a settlement conference.

Dated:  May 8, 2008

**LOCKE LORD BISSELL & LIDDEL LLP**        **SCHWARTZ COOPER CHARTERED**


BY: /s/ Keith D. Parr                    BY:   /s/ Roger Stein
    Keith D. Parr, Esquire                       Roger Stein, Esquire
    111 South Wacker Drive                       180 North LaSalle Street, Suite 2700
    Chicago, IL  60606                           Chicago, IL 60601
    (312) 226-1200                               rstein@schwartzcooper.com
    kparr@lockelord.com


    and                                          and

| | |
|---|---|
| **LOCKE LORD BISSELL & LIDDEL LLP** | **KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP** |
| Matthew G. Reeves, Esquire<br>600 Travis, Suite 3200<br>Houston, TX  77002<br>Telephone: (713) 226-1200<br>mreeves@lockelord.com<br><br>Attorneys for Defendant<br>Feitian Technologies Co., Ltd. | Michael K. Coran, Esquire<br>Mary Ellen O'Laughlin, Esquire<br>260 South Broad Street, 4th Floor<br>Philadelphia, PA 19102<br>Telephone: (2150 568-6060<br>Mcoran@Klehr.com<br>Molaughlin@Klehr.com<br><br>Attorneys for Plaintiff<br>Aladdin Knowledge Systems, Ltd. |

8

# CERTIFICATE OF SERVICE

I, Roger H. Stein, hereby certify that on May 9, 2008, I filed the foregoing **JOINT STATUS REPORT** with the Clerk of the Court using the Clerk's CM/ECF System, which will provide electronic notification of such filing to the following counsel of record for Defendant:

>Keith D. Parr
>Email: kparr@lockelord.com
>Locke Lord Bissell & Liddell LLP
>111 S. Wacker Drive
>Chicago, Illinois 60606
>
>James T. Peterka
>Email: jpeterka@lockelord.com
>Locke Lord Bissell & Liddell LLP
>111 S. Wacker Drive
>Chicago, Illinois 60606

and caused a confirmation copy of the same to be served via first-class mail, postage prepaid, to the following counsel of record for Defendant, addressed as follows:

>Rodger D. Smith, Esq.
>Morris, Nichols, Arsht & Tunnell
>1201 N. Market Street
>P. O. Box 1347
>Wilmington, DE 19899
>
>Matthew G. Reeves, Esquire
>Locke Lord Bissell & Liddel LLP
>3400 JP Morgan Chase Tower
>600 Travis
>Houston, TX 77002-3095

                                           /s/Roger H. Stein
                                           Roger H. Stein